**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** // **CRIMINAL NO. 1:18CR7**
**(Judge Keeley)**

**EMORY CHILES,**

**Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 68]**
**AND DENYING DEFENDANT'S MOTION TO SUPPRESS [DKT. NO. 49]**

This case arises out of a traffic stop of Trevor Townsend ("Townsend"), who was transporting as a passenger the defendant, Emory Chiles ("Chiles"), a convicted felon. During the stop, an officer frisked Chiles and discovered both a firearm and a significant amount of heroin. Pending is Chiles's motion to suppress that evidence, which he claims was obtained in violation of his Fourth Amendment rights. For the following reasons, the Court **ADOPTS** the magistrate judge's report and recommendation (Dkt. No. 68), and **DENIES** Chiles's motion (Dkt. No. 49).

## I. BACKGROUND

On February 6, 2018, a grand jury sitting in the Northern District of West Virginia returned a three-count indictment against Chiles, charging him with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); Use of a Firearm During and in Relation to a Drug Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Unlawful Possession

of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Dkt. No. 1). After receiving four extensions of time in which to do so, Chiles moved to suppress the relevant evidence on March 27, 2018 (Dkt. No. 49). Pursuant to 28 U.S.C. § 636, the Court referred the motion to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review and the preparation of a report and recommendation ("R&R") (Dkt. No. 50).

On March 29 and April 2, 2018, the magistrate judge conducted an evidentiary hearing on the motion (Dkt. Nos. 56; 59). The Government presented testimony from Monongalia County Sheriff's Department Sergeants Daniel E. Oziemblowsky and Randall Stockett, and Chiles presented the testimony of Federal Public Defender Investigator Russell Semplice. The Court has reviewed the audio recording of the suppression hearing, the transcript of the suppression hearing, and the body camera videos recorded by both Sergeant Oziemblowsky and Sergeant Stockett.

In an R&R entered on April 11, 2018, Magistrate Judge Aloi recommended that the Court deny Chiles's motion to suppress (Dkt. No. 68). The facts adduced at the evidentiary hearing are set forth and summarized fully throughout the R&R. The magistrate judge reasoned that Chiles had been lawfully detained pursuant to a traffic stop, which was justified at its inception and remained

reasonable in scope. Id. at 9-19. Further, he concluded that the officers had reasonable suspicion that Chiles was armed and dangerous when they frisked him. Id. at 19-24. Chiles filed timely objections to the R&R on April 12, 2018 (Dkt. No. 73).

## II. STANDARD OF REVIEW

When considering a magistrate judge's R&R made pursuant to 28 U.S.C. § 636(b)(1), the Court must review de novo those portions to which objection is timely made. Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the [defendant] does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## III. APPLICABLE LAW

The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . and effects . . . against unreasonable . . . searches and seizures." U.S. Const. amend. IV. "The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State." Sims v. Labowitz, 877 F.3d 171, 177 (4th Cir. 2017)

(quoting Schmerber v. California, 384 U.S. 757, 767 (1966)). As the Supreme Court has stated time and again, "[r]easonableness is always the touchstone of Fourth Amendment analysis, and reasonableness is generally assessed by carefully weighing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Cty. of Los Angeles, Calif. v. Mendez, 137 S. Ct. 1539, 1546 (2017) (internal quotation and citation omitted).

## IV. DISCUSSION

Having conducted a de novo review of the record and the R&R in light of Chiles's objections, the Court concludes that his motion to suppress is without merit.

**1.** An investigatory detention must be "justified at its inception." United States v. Vaughn, 700 F.3d 705, 709 (4th Cir. 2012) (quoting United States v. Rusher, 966 F.2d 868, 875 (4th Cir. 1992)). "Observing a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008). "The Defendant concedes that portions of the video from Deputy Oziemblowsky's body camera appear to show the right

tail light emitting less red light than the left tail light" (Dkt. No. 73 at 1). Because the officers had reasonable suspicion that the tail light was not in "proper working condition," the stop was justified at its inception. See Syl. Pt. 2, Strick v. Cicchirillo, 683 S.E.2d 575 (W. Va. 2009) (citing W. Va. Code § 17C-15-1(a) (2004)); State v. Hill, No. 16-0168, 2017 WL 11365231, at *3-*4 (W. Va. Apr. 10, 2017) (memorandum decision).

**2.** A traffic stop may only persist for the length of time "the officers are completing tasks related to the traffic infractions." United States v. Hill, 852 F.3d 377, 381 (4th Cir. 2017). The officers did not act in a "deliberately slow or inefficient manner," but worked diligently to verify the vehicle's registration and information about Townsend and Chiles. Id. at 382, 284. The officers permitted Townsend to arrange for a tow of the vehicle and were waiting for transportation backup when they conducted the dog sniff. Therefore, they did not unreasonably extend the traffic stop rather than place Townsend under arrest for driving on a revoked license; the "authority for the seizure" continued for a reasonable amount of time while the officers carried out "tasks tied to the traffic infraction." Id. at 381. (quoting Rodriguez v. United States, 135 S. Ct. 1609 (2015)). Indeed, had the officers

immediately placed Townsend under arrest, the stop would have continued until transportation had been arranged.

**3.** An officer may lawfully detain all passengers "pending inquiry into a vehicular violation" during a traffic stop. Arizona v. Johnson, 555 U.S. 323, 327 (2009). Because the duration of the stop remained reasonable throughout the dog sniff and until the arrival of back up, Chiles was lawfully detained as a passenger at the time that Deputy Oziemblowsky conducted a Terry frisk.

**4.** Officers may frisk any occupant of a stopped car if there is "reasonable suspicion that the person subjected to the frisk is armed and dangerous." Johnson, 555 U.S. at 326. "[R]easonable suspicion is a particularized and objective basis for suspecting that the person to be frisked is armed and dangerous." United States v. Powell, 666 F.3d 180, 186 (4th Cir. 2011). "'The determination of reasonable suspicion must be based on commonsense judgment and inferences about human behavior,' and it is measured by the totality of the circumstances." Id. (citation omitted).

When Deputy Oziemblowsky frisked Chiles, he knew that Chiles had spent "eighteen years in the federal pen" for "drug stuff," that the K9 had alerted to the presence of narcotics in the vehicle, and that Chiles reported leaving a knife in the vehicle. Because the totality of the circumstances supported a reasonable

suspicion that Chiles was engaged in drug trafficking and had recently been carrying a knife, there was a reasonable suspicion that he was armed and dangerous. See United States v. Roach, 477 F. App'x 993, 997 (4th Cir. 2012) (unpublished opinion) (citing United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998)).

## V. CONCLUSION

For the reasons discussed, the Court:

**1)** **OVERRULES** Chiles's objections (Dkt. No. 73);

**2)** **ADOPTS** the R&R (Dkt. No. 68); and

**3)** **DENIES** Chiles's motion to suppress (Dkt. No. 49).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: April 13, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE